IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY SPENCE,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL SULLIVAN,<br>TAD VAN DYKE,<br>DEBBIE ISAAC,<br>and WEXFORD HEALTH SERVICES, INC.,<br><br>    Defendants. | Case No. 19-cv-991-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Gregory Spence, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges he was retaliated against and denied access to his diabetes medication. He asserts claims against the defendants under the First and Eighth Amendments. Plaintiff seeks monetary damages.

    After filing his Complaint, Plaintiff filed a Supplemental Complaint (Doc. 6) which includes additional claims and allegations that occurred after the filing of his original Complaint. The Court will not accept **piecemeal** amendments to the original complaint. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir.2004). Thus, any amended complaint must stand on its own, without reference to any previous pleading. Plaintiff's Supplemental Complaint includes no such reference to the claims and allegations in his original Complaint. As Plaintiff's amended

1

complaint is a piecemeal attempt to add additional claims which occurred after the filing of his original Complaint, the Court will not accept the filing. Instead, the Court will review Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On August 16, 2019, Plaintiff returned to his cell to find that someone had rummaged through his property. He learned from another inmate that Correctional Officer ("C/O") Van Dyke went through his cell but failed to issue a shakedown slip. (Doc. 1, p. 5). Plaintiff wrote an emergency grievance and sent a request to Warden Sullivan about staff misconduct. On August 23, 2019, Van Dyke entered Plaintiff's cell and asked why the cell door was jammed. Plaintiff's cellmate responded that he forgot to remove the towel from the top of the cell door after returning from the shower. (*Id.*). Van Dyke left the cell, returned with a sergeant, and informed the sergeant that something fell from the lock when he opened the door. Plaintiff's cellmate again responded that it was a towel and nothing fell from the lock. The two officers left and returned with a lieutenant. Plaintiff informed the lieutenant that Van Dyke was lying about the lock and that he was retaliating against Plaintiff for filing the August 16, 2019 grievance. Plaintiff and his cellmate were then escorted to segregation.

When Plaintiff arrived in segregation, he informed segregation officers that he was a diabetic and needed his metformin, which was in his property box. (Doc. 1, p. 6). The officers informed Plaintiff that his property was currently being inventoried, and he would receive it later. When he finally received his property box, the metformin was missing, and officers informed him

that it had been thrown away. Plaintiff wrote an emergency grievance and a letter to Warden Sullivan about his metformin. (*Id*.).

Throughout his stay in segregation, from August 23 until August 27, 2019, Plaintiff asked John Doe Officers and Jane Doe Nurses about his metformin, but they refused his requests or ignored him. (Doc. 1, pp. 6-9). Plaintiff's health continued to deteriorate without the medication, and he became dizzy and had blurred vision. He continued to ask for help, for access to exercise, and for his medication, but his requests were refused. (*Id*.). Plaintiff also sent letters to Debbie Isaacs and requests to the healthcare unit, but he did not receive a response. (*Id*. at pp. 9 and 12). After being released from segregation, he was provided one dose of metformin on August 29, 2019, but he did not receive any further medication. (*Id*. at pp. 9-10). Two days later, Plaintiff awoke in pain and notified a John Doe C/O; he was allowed to go to the healthcare unit, but he had to walk there on his own. (*Id*. at p. 10). Plaintiff was required to wait in the waiting area of the healthcare unit for fifteen minutes before receiving care from a Jane Doe Nurse. She gave him Tylenol and placed him in the infirmary. (*Id.* at p. 11). On September 1, 2019, John Doe Nurse informed Plaintiff that Dr. Larson had been contacted about Plaintiff's condition, and Plaintiff was sent back to his cellhouse with a pack of Tylenol. (*Id*.).

## **Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** **Tad Van Dyke placed Plaintiff in segregation in retaliation for Plaintiff's August 16, 2019 emergency grievance against him in violation of the First Amendment.**

**Count 2:** **Daniel Sullivan and Debbie Isaac were deliberately indifferent to Plaintiff's need for metformin in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Preliminary Dismissals

Plaintiff refers to a number of John Doe Correctional Officers and Jane Doe Nurses. He fails to identify any of these individuals with any specificity (i.e. John Doe #1, Jane Doe #2, etc.) and they are not listed in the caption. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). As such, these individuals will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice.

Plaintiff also identifies Wexford Health Services Inc. as a defendant in the caption but fails to raise any allegations against the corporation in his statement of claim. The corporation cannot be liable on this basis *respondeat superior*, or supervisory, liability as it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to cite to any such policy or practice. As such, Wexford is also **DISMISSED without prejudice**

### Severance

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

Plaintiff's retaliation claim against Van Dyke and his deliberate indifference claim for the treatment of his diabetes are not properly joined in a single action. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 2 into a separate action against Defendants Sullivan and Isaac and will open a new case with a newly-assigned case number.

**Count 1**

Plaintiff states a claim against Van Dyke for retaliating against Plaintiff after he filed an emergency grievance against Van Dyke. *Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir. 2012); *See McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)).

**Motion for Counsel**

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written ten attorneys and has received responses from some declining to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendant has not yet been served nor has a discovery schedule been entered. Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

For the reasons stated above, Wexford Health Services Inc. is **DISMISSED without prejudice** for failure to state a claim, and the Clerk is **DIRECTED** that terminate Wexford from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**COUNT 2** is **SEVERED** into a new case against Daniel Sullivan and Debbie Isaac. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion to proceed in forma pauperis (Doc. 2).

The only claim that remains in this case is **COUNT 1**, which shall proceed against Tad Van Dyke.

The Clerk of Court shall prepare for Defendant Tad Van Dyke: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/20/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendants has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**